JH

FILED

APR - 2, 2007 rQ

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN LISNER, DEAN H. VANDER BAAN, THOMAS J. YONKER, and LAWRENCE GROOT as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH AND WELFARE FUND,

and

WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER, and BRAD WEBB, as Trustees of LOCAL No. 31, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND,

Plaintiffs,

v.

ENO, INC., an Illinois Corporation,

Defendant.

07CV1805
JUDGE CONLON
MAG.JUDGE ASHMAN

Judge:

## COMPLAINT

Plaintiffs, WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN LISNER, DEAN H. VANDER BAAN, THOMAS J. YONKER and LAWRENCE GROOT as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS HEALTH AND WELFARE FUND ("Welfare Fund") and WILLIAM LOGAN, TERRENCE J. HANCOCK, JOHN LISNER, STEVE VOGRIN, THOMAS YONKER and BRAD WEBB as Trustees of LOCAL No. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PRIVATE SCAVENGERS AND GARAGE ATTENDANTS PENSION FUND ("Pension Fund")(collectively

the "Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant, ENO, INC., state as follows:

## COUNT ONE

## FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant, ENO, INC. (herein " Defendant Company"), is an Illinois corporation registered to do business in the State of Illinois. At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local No. 731") is a labor organization within the meaning of 29 U.S.C. §185(a). Local No. 731 and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which obligate the Defendant Company to make monthly contributions on behalf of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Defendant Company, *inter*

*alia,* identifies the employees covered under the agreement and the amount of contributions to the Funds remitted on behalf of each covered employee by the 20th of every month or be subject to 10% late fee as liquidated damages and assessed interest on the late payment and collection costs incurred by the Funds in seeking collection of the delinquent contributions.

5. Notwithstanding its obligations under the collective bargaining agreements, the Defendant Company has failed to timely remit its monthly contributions and reports owed to the Funds for the period of January 2007 and continuing through the present, and to pay liquidated damages, interest and collection costs that have been accruing on the account for the untimely remittances of contributions and reports for December 2006 through the present.

6. Despite demand duly made, the Defendant Company has not remitted the outstanding contributions or paid the unpaid liquidated damages, interest or collection costs.

7. All conditions precedent to requiring payment of these amounts to the Funds have been met.

8. The Defendant Company's failure to make timely reports and contributions or pay interest, liquidated damages and collection costs violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

9. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing documents, the Defendant Company is liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% once a lawsuit is filed and reasonable attorneys' fees and court costs.

10. The Defendant Company's obligations under the collective bargaining agreement are continuing and for each month it continues to be delinquent, contributions, interest and liquidated damages will be due and owing until payment is made.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against the ENO, INC., as follows:

1. Finding that ENO, INC., violated the Agreement;

2. Finding that ENO, INC., is liable to the Funds for all unpaid contributions, interest, liquidated damages, and attorneys' fees and court costs incurred prior to and through the filing of this lawusit;

3. Ordering ENO, INC., to pay to Plaintiffs all outstanding contributions, accrued interest, liquidated damages and attorney's fees;

4. Ordering ENO. INC., to pay to Plaintiffs all court costs and reasonable attorneys' fees incurred; and

5 Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Justin L. Lannoye
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361